[Crim. No. 361. Fourth Appellate District.—May 6, 1938.]

THE PEOPLE, Respondent, v. MORRIS E. BREWER, Appellant.

Theo. G. Krumm and Chas. G. Potter for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was convicted by a jury of burglary in the second degree and has appealed from the judgment and from an order denying his motion for a new trial.

A liquor store in San Bernardino was entered early on the morning of January 6, 1938, and between thirty and forty bottles of whiskey, gin and brandy were removed therefrom, together with two hundred pennies. Entrance had been made through a rear window of the building by removing an iron bar and spreading other bars sufficiently to permit a person to pass through the opening. Shortly before 7 o'clock on that morning the appellant made a purchase at a grocery store, paying for the same with thirty-eight pennies. An hour or two later he attempted to sell some whiskey at another liquor store saying he had approximately twenty-five quarts which he would sell for 50 cents a quart. This was reported to the police and he was taken into custody before noon on that day and identified as the person who had made the purchase with pennies and attempted to sell the whiskey. At that time he denied having had anything to do with the burglary but about two days later he told the officers that on the night in question he had gone to this store with one Lloyd Largent, that they waited until the place closed, which

was about 2 o'clock in the morning, that they loosened the bars in the window, and that he went in and took two rolls of pennies and thirty-one bottles of liquor which he passed out to Largent. Through information furnished by the appellant the officers were taken to a place where the liquor had been secreted, and twenty-six bottles of liquor were found which were identified as having come from this store.

On January 12, 1938, after having been fully informed of his rights and that anything he said would be used against him, the appellant made what he stated to be a free and voluntary statement to a deputy district attorney which was taken down by a shorthand reporter, at which time he again described in complete detail the manner in which the burglary had been committed. On January 14, 1938, at the preliminary hearing the appellant took the stand, after being fully advised as to his rights, and described in detail the manner in which he had entered the building and taken the liquor and pennies. Largent also took the stand and testified to the same state of facts. At the trial of this case, however, Largent testified that he had been convicted of committing this burglary, that he had committed the offense alone and that the appellant had not been present. The appellant testified that he had nothing to do with the burglary, that he had been constantly threatened by one of the officers, that he made his first confession because this officer had demanded that he do so and threatened to hold three of his friends unless he did confess, and that he remained in fear of this officer at all times until he got into the superior court. He testified, however, that at no time had he had any fear of the district attorney or of the judge who conducted the preliminary hearing, and all of the officers denied that any force or threats had been used.

The first ground for reversal urged is that the court erred in refusing to issue subpoenas for three non-resident witnesses residing at McFarland, in Kern County, to wit: P. J. Cordell, J. C. Cordell and Ernie Ousley. Four days before the trial the appellant applied for a subpoena for each of these witnesses, each subpoena having attached to it his affidavit stating that the witness was a necessary and material witness for him and that he believed that the attendance of such witness was necessary. None of these affidavits set forth any facts as to which the witness would testify or

anything showing the materiality of the evidence that might be thus produced. However, a further affidavit was filed in which the appellant stated that on the occasion of his first confession a certain police officer demanded that he make a statement admitting that he had committed this burglary or that this officer would hold P. J. Cordell, J. C. Cordell and Ernie Ousley in jail and charge them as accessories to said crime, that the appellant thereupon said that these three persons were friends of his and that "to keep them out of said charge, the affiant agreed to make said statement", that P. J. Cordell was present when these things took place and that he believed that P. J. Cordell, J. C. Cordell and Ernie Ousley would testify to this state of facts if they were brought to the trial. Each of the subpoenas presented contained an order to be signed by the trial judge in accordance with section 1330 of the Penal Code, but the judge refused to sign these orders.

An important question at the trial was whether or not the confessions made by the appellant had been freely and voluntarily made. In so far as the proposed witness P. J. Cordell is concerned the showing made as to the materiality of his testimony was sufficient. We think the appellant was entitled to the presence of this witness and that the court erred in refusing to cause that particular subpoena to issue. Whether it was error to refuse to issue the other two subpoenas need not be here decided.

It does not necessarily follow that any error in connection with these subpoenas was sufficiently prejudicial to justify a reversal. While such might be the result in a close case and under some circumstances a somewhat different situation here appears. It may first be observed that the record discloses no objection to proceeding or request for a continuance when the case was called for trial. While these three persons were not obliged to attend as witnesses in the absence of the order provided for in section 1330 of the Penal Code, the court was not advised that they would not voluntarily appear or that any effort had been made to get them to do so, although the appellant testified that they were the best friends he had. In fact, it appears that they were such good friends that he "believed" that two of them would testify as to what was said at a time when they were not present. In announcing himself ready for trial, under such

circumstances, the appellant in effect waived any error in refusing to make the requested orders.

 A further consideration is that the testimony sought to be produced went only to the validity of the confessions made by the appellant and if they were entirely eliminated his guilt was rather conclusively established by other evidence. The change of story on the part of the appellant and his accomplice came only after Largent had been convicted, and the appellant's testimony relating to threats made by the officer and his constant and continuing fear of that officer even when not in his presence is far from convincing. While it is hard to believe that the jury could have accepted the appellant's explanation of his confession, even with the addition of the evidence which is now in question, it is, of course, true that the question was one of fact for the jury. If it be conceded that the production of this cumulative evidence might have led the jury to believe that these admissions were not voluntarily made, it can hardly be assumed that the jury would have disregarded the other evidence of guilt, including, in addition to what has been referred to, the fact that the appellant knew how the building had been entered and exactly what had been done to the bars on the window, although he was arrested and confined very shortly after the burglary.

While error appears a reading of the record does not indicate any miscarriage of justice or any reasonable probability of a different result had the error not occurred.

 It is next urged that the court erred in permitting the district attorney to question the appellant concerning another crime of which he had previously been convicted. In his statement to the district attorney the appellant had stated that he had been in trouble in Texas with respect to a car theft about six years before. On cross-examination at the trial he was asked if he had ever been convicted of a felony and replied that he had not. He was then asked if he had not made a statement in the district attorney's office admitting that he had been convicted of a felony. He replied that he had not. Upon objection that the statement in question, which had been admitted in evidence, did not contain an admission that he had been convicted of a felony the court asked the appellant his age and upon being told that he was twenty-two years old the court stated that he was about fourteen years of age when the offense in Texas was committed

and, therefore, that it was not a felony. Thereafter, the deputy district attorney asked him when the trouble in Texas occurred and he stated that it was in 1930. He was then asked how old he was at the time and he said "just past fifteen". He was then asked if the statement about the trouble in Texas was true and he replied that it was. While no questions should have been asked after the court stated that the offense in Texas could not have been a felony no objection to these subsequent questions was made and the same facts had been brought out without objection when the statement was read. Any error which appears was not sufficiently prejudicial to justify a reversal.

The judgment and order denying a motion for a new trial are affirmed.

*Marks, J., and Jennings, J., concurred.*